Chad C. Butterfield, Esq.
Nevada Bar No. 010532
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, Nevada 89101
(702) 727-1400; FAX (702) 727-1401
chad.butterfield@wilsonelser.com
*Attorneys for Plaintiff/Judgment Creditor*
*ONYX ENTERPRISES INTERNATIONAL CORP.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ONYX ENTERPRISES INTERNATIONAL CORP.<br><br>Plaintiff,<br><br>v.<br><br>REGENCY GLOBAL SOLUTIONS, INC. d/b/a PRECHARGE RISK MANAGEMENT SOLUTIONS,<br><br>Defendant. | Case No.:  2:18-cv-01544-KJD-CWH<br><br>**Application for Entry of Default by Clerk Against Garnishee Defendant PreCharge USA, Inc.** |

ONYX ENTERPRISES INTERNATIONAL CORP. ("Onyx"), by and through its counsel of record, Chad C. Butterfield, Esq. of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby applies for entry of a default by the Clerk against Garnishee Defendant PreCharge USA, Inc. ("Precharge"), and states as follows:

1. On August 19, 2016, Onyx filed suit against Regency Global Solutions, Inc. d/b/a Precharge Risk Management Solutions ("Regency") in the United States District Court for the Southern District of New York, Case No. 16-cv-6572-ER-KNF. Onyx caused the summons and complaint to be served upon Regency on September 7, 2016. After Regency failed to respond to the complaint, Onyx obtained a judgment by default in the amount of $534,000.40 including interest (the "Judgment").

2. On February 28, 2018 Onyx domesticated the Judgment in the District of Nevada by filing a Clerk's Certification of a Judgment to be Registered in Another District. (ECF No. 1.)

1

1367591V.1

3. On April 23, 2018, a Writ of Execution (ECF No. 4) was entered by the Clerk of the Court.

4. On June 13, 2018, the United States Marshals office personally served PreCharge[1] with a Writ of Garnishment in Aid of Execution (the "Writ of Garnishment"), which included garnishee interrogatories under NRS § 31.260(1)(e). (ECF No. 10.) Based on a date of service of June 13, 2018, the deadline for PreCharge to provide its to the interrogatories was July 3, 2018 (i.e., 20 days from date of service, under NRS § 31.260(1)(e)).

5. Under NRS § 31.290(2), if a garnishee fails to submit its answers to garnishee interrogatories to the United States Marshal and the judgment debtor within the time required by the Writ of Garnishment (i.e., on or before July 3, 2018), "the garnishee shall be deemed in default."

6. PreCharge did not provide its answers to the garnishee interrogatories to the United States Marshal for the District of Nevada on or before July 3, 2018. (See Declaration of Chad C. Butterfield, attached hereto as **Exhibit "1"**.) Accordingly, PreCharge is in default under NRS § 31.290(2).

WHEREFORE, Plaintiff Onyx Enterprises International Corp. requests that default be entered against Garnishee Defendant PreCharge USA, Inc.

DATED this 18th day of September, 2018.

                **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

                BY: */s/ Chad C. Butterfield*
                     Chad C. Butterfield, Esq.
                     Nevada Bar No. 010532
                     300 South Fourth Street, 11th Floor
                     Las Vegas, Nevada 89101
                     *Attorneys for Plaintiff/Judgment Creditor*
                     *ONYX ENTERPRISES INTERNATIONAL CORP.*

---

[1] Writs of garnishment must be served in the same manner as a summons in a civil action (NRS § 31.270(1)), which gives the court jurisdiction to proceed against the "garnishee defendant." NRS § 31.280. Accordingly, garnishees (such as PreCharge) who are properly served or appear formally become parties of record to the garnishment proceeding. *Frank Settelmeyer & Sons, Inc. v. Smith & Harmer, Ltd.*, 124 Nev. 1206, 1213, 197 P.3d 1051, 1056 (2008).

1367591V.1