UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ONYX ENTERPRISES INTERNATIONAL CORP., | Case No. 2:18-cv-01544-KJD-CWH |
| Plaintiff, | ORDER |
| v. | |
| REGENCY GLOBAL SOLUTIONS, INC., d/b/a PRECHARGE RISK MANAGEMENT SOLUTIONS, | |
| Defendant. | |

Presently before the Court is Plaintiff's Motion for Default Judgment Against Garnishee Defendant PreCharge USA, Inc. (#18). Also before the Court is Plaintiff's Motion to Satisfy Judgment and NRS § 31.330 Traversing Declaration Regarding Garnishee PreCharge USA, Inc. (#13). Though the time for doing so has passed, no response in opposition has been filed to either motion.

I. Background

Plaintiff Onyx Enterprises International Corporation ("Onyx") is in the business of marketing automotive and consumer goods. Most of Onyx's sales volume is derived from internet sales. In December 2009, Onyx entered into a contract with Defendant Regency Global Solutions, Inc. ("Regency") to provide another layer of security against credit card fraud. Regency's services consisted of adding an additional layer of verification of Onyx's suspect credit card orders, as well as indemnifying Onyx from transactions that Regency had deemed legitimate but turned out to be fraudulent. The parties performed pursuant to their contract for six years. However, beginning in 2015, Onyx was deluged by fraudulent transactions that Regency had previously determined were legitimate. By August 2016, Onyx's losses as a result of transactions subject to Regency's indemnification reached $499,618.88.

On August 19, 2016, Onyx filed suit against Regency in the United States District Court for the Southern District of New York, Case No. 16-cv-6572-ER-KNF. Onyx caused the summons and complaint to be served upon Regency on September 7, 2016. After Regency failed to respond to the complaint, Onyx obtained default judgment in the amount of $534,000.40 ("the Judgment"), including interest. Onyx then domesticated the Judgment in this Court on February 28, 2018 by filing a Clerk's Certification of a Judgment to be Registered in Another District (#1).

On April 23, 2018, Writ of Execution (#4) was entered by the Clerk of the Court. The United States Marshals served PreCharge, Onyx's alleged alter ego, with a Writ of Garnishment in Aid of Execution ("Writ of Garnishment") (#10) on June 13, 2018. The Writ of Garnishment contained garnishee interrogatories pursuant to NRS § 31.330. The deadline for Precharge to provide its response to the interrogatories was July 3, 2018. See NRS § 31.260(1)(e). However, PreCharge failed to provide its response to the U.S. Marshals Service and/or judgment debtor Regency as required by NRS § 31.290(2).

On July 16, 2018, Onyx filed a Motion to Satisfy Judgment and Traversing Declaration Regarding Garnishee PreCharge USA, Inc. ("the Traversing Declaration") pursuant to NRS § 31.330. The Traversing Declaration includes Onyx's claim that PreCharge is an alter ego of Regency. No responsive pleading having been filed by PreCharge, Onyx filed an Application for Entry of Default by Clerk (#16) on September 18, 2018. On October 2, 2018, the Clerk of the Court entered default against PreCharge.

II. Legal Standard for Entry of Default Judgment

Federal Rule of Civil Procedure 55(b)(2) permits the Court, following a defendant's default, to enter a final judgment in a case. There is no matter of right to the entry of a default judgment, and its entry is entirely within this Court's discretion. See Draper v. Coombes, 792 F.2d 915, 924 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). This Court may find entry of a default judgment appropriate in consideration of: [1] the sufficiency of the complaint and the merits of a plaintiff's substantive claims; [2] the possibility of prejudice if entry is denied; [3] the sum of money at stake; [4] the possibility of a dispute concerning

material facts; [5] whether default was due to excusable neglect; and [6] the strong policy favoring decisions on the merits.  See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### III.  Analysis

Since Plaintiff has met all procedural requirements for entry of default judgment, the Court must consider the Eitel factors.  The first two Eitel factors are (1) the merits of Plaintiff's substantive claim, and (2) the sufficiency of the complaint.  See id.  The Ninth Circuit has suggested that these two factors require that a plaintiff "state a claim on which the [plaintiff] may recover." Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).  Plaintiff has clearly stated a claim pursuant to NRS § 31.330; 31.260; 31.290. Plaintiff has met the statutory requirements for registration of the Judgment and for a finding of default against a garnishee. See NRS § 31.290(2).

Further, failure to enter default will prejudice Plaintiff by allowing defendants to continually move assets to new business entities without having to pay the Judgment. Opposing parties had the opportunity to address disputes regarding material facts, but chose not to appear and have made no argument that failure to do so was a result of excusable neglect. Therefore, the Court grants Onyx's traverse asserting PreCharge is the alter ego of Regency and Onyx's motion for default judgment.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Satisfy Judgment and NRS § 31.330 Traversing Declaration Regarding Garnishee PreCharge USA, Inc. (#13) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment (#18) is **GRANTED**;

///

///

///

///

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Plaintiff and against Defendant PreCharge USA, Inc. in the amount of $533,939.05.

Dated this 30th day of April, 2019.

Kent J. Dawson
United States District Judge